IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20257
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE HENRY HARRISON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-98-CR-179-1)
--------------------
June 29, 2000

Before WIENER and STEWART, Circuit Judges, and ROSENTHAL[*], District
Judge.

PER CURIAM:[**]

In this direct criminal appeal, Defendant-Appellant Willie
Henry Harrison complains that his plea of guilty pursuant to a
written plea agreement was not knowingly and voluntarily given
because of alleged deficiencies in his Fed. R. Crim. P. 11 colloquy
with the court; and further complains that the district judge erred
reversibly in denying his motion to withdraw his guilty plea for
the same reason plus his asserted failure to understand that he was

_____

[*] District Judge for the Southern District of Texas, sitting
by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

pleading guilty to a conspiracy to possess a controlled substance rather than possession itself. Finding no reversible error, we affirm the district court's denial of Harrison's motion to withdraw his plea and also affirm Harrison's conviction and sentence.

**I.**

**FACTS, PROCEEDINGS, AND ANALYSIS**

Harrison and his wife, Alice, were charged in a 6-count indictment for various narcotic offenses. He entered into a written plea agreement to plead guilty to conspiracy to possess 50 grams or more of crack cocaine (Count 1), to waive his right to appeal, and to cooperate fully with the government. In return, the government agreed to dismiss the remaining counts of the indictment and, if it determined that Harrison had provided substantial assistance, to move for a downward departure. Several months later, the government filed an "Information of Prior Convictions" for purposes of sentence enhancement, alleging that Harrison had three prior felony convictions for possession of marijuana. On the same day as that filing, Harrison appeared for re-arraignment at which he pleaded guilty to the one conspiracy count. Present during the Rule 11 colloquy with the district court were Harrison, his compensated counsel, and the Assistant United States Attorney. At that time, of course, there had been no presentence investigation conducted by the Probation Department so, among other unknowns, the validity of the government's allegations of prior convictions remained to be determined.

Although the advice given by the district court during the plea colloquy was less than perfect, perfection is not required; and we find the advice adequate on the question of mandatory minimum sentence. Although Harrison complains that he was confused by the court and did not understand that, if the three prior counts were proven and the government did not move for a downward departure below the minimum pursuant to § 5K.1 of the Sentencing Guidelines, the court would have no choice but to sentence him to incarceration for life, we remain unconvinced. As noted, Harrison was accompanied by experienced counsel and he himself is a mature, experienced, and obviously street-wise drug dealer with considerable prior exposure to the criminal justice system. These facts, coupled with the written plea agreement entered into by Harrison, with advice of counsel, satisfies us that he knew precisely what he faced and that his plea of guilty was given knowingly and voluntarily. We have no doubt that Harrison concluded (correctly) that, in light of the overwhelming evidence of his guilt, his only possible chance of avoiding life imprisonment was to plead, cooperate, and hope for a downward departure. He did that in October, 1998, and not until January, 1999 did he file a letter pro se seeking to withdraw his guilty plea. By then, of course, he must have ascertained that "Plan A" was not working, making "Plan B" necessary, i.e., claim a deficient Rule 11 colloquy and seek to withdraw his guilty plea.

Our careful review of the transcript of the Rule 11 hearing dispels any doubt about the adequacy of the colloquy regarding

mandatory minimums.  The court made sufficiently clear that if the government's allegations of prior convictions were confirmed, the mandatory minimum would be life imprisonment.  The court stated that "the punishment in this case can be up to life in prison" and added that if the government "can't prove some other conviction, the basic punishment is 10 years to life," i.e., there's 10-year minimum no matter what but life if the priors are proved.  When viewed in light of the additional clarification by the prosecutor ("...potentially, a mandatory minimum of life with the enhancement,"), Harrison had to know the situation, as did his counsel who — like Harrison — indicated his understanding and agreement and never objected.

Even more lame is Harrison's assertion that he did not understand that he was implicating Alice in the conspiracy plea, insisting that he only intended to plead guilty to his own acts. Again, Harrison has been a "frequent flier" in the system, was advised by counsel before entering the plea agreement and at the Rule 11 hearing, and agreed under oath that he was guilty of the conspiracy.  Moreover, he and Alice — who, incidentally, pleaded guilty to the same conspiracy — were arrested together; drugs and paraphernalia were discovered in the bedroom of their community domicile; and the evidence is overwhelming that they jointly conducted their illicit business from their common residence.

The district court conducted a live hearing on Harrison's motion to withdraw his guilty plea in February, 1999, after which the court denied the motion.  Considering the hearing and the

evidence, and testing them under the seven factors specified in United States v. Karr, 740 F.3d 339, 343–44 (5th Cir. 1984), we are left with no doubt but that the court did not abuse its discretion in denying Harrison's motion to withdraw his guilty plea.

## II.

## CONCLUSION

For the foregoing reasons we conclude that Harrison's plea of guilty was knowing and voluntary, and that the district court did not abuse its discretion or otherwise commit reversible error in denying Harrison's motion to withdraw his plea of guilty.  His conviction and sentence are, therefore,

AFFIRMED.